CARMEN MEDINA ET AL., Plaintiffs and Appellees, *v.* HEIRS OF SANDALIO RIVERA LUNA, Defendants and Appellants.

No. 4366. Argued November 27, 1928.—Decided November 13, 1929.

*Felipe Colón Díaz*, for appellants. *Erasto Arjona Siaca*, for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Plaintiffs herein are three daughters and several grandchildren of Encarnación Medina or Juan Encarnación Medina and Cristina Lugo, the original defendant being Sandalio Rivera Luna.

In the original complaint filed in 1921 it was alleged that plaintiffs are the owners, by inheritance from the spouses Medina–Lugo, of a property having an area of 24 acres situated in the ward of Guaraguao of Ponce bounded on the north by a ridge dividing the ward of Guaraguao from that of Marueño and by lands of María Nieves, and that the defendant has seized said property without any title thereto

since the year 1899. This complaint was amended for the sole purpose of changing the description of the property so as to allege therein that it contains 34 acres, although in the other averments the original allegation of 24 acres still remains. The complaint was amended a second time in order to describe the 34-acre property as bounded on the west by the ridge dividing the aforesaid wards, to allege that defendant has been withholding possession of the 34 acres since the year 1898, and that he included them, together with other parcels, in a dominion title proceeding, which he instituted and caused to be approved in 1906 and recorded in the registry of property.

Subsequent to the last amended complaint, plaintiffs filed a motion for substitution alleging that the defendant had died and requested that his children, of whom the plaintiffs named fifteen, be substituted as defendants in the action. It was so ordered by the court, whereupon the new parties appeared, demurred to the complaint, denied the facts above stated and alleged that in the dominion title proceedings instituted by their ancestor, Rivera Luna, covering 310 acres there were included two distinct and separate properties which he purchased from Cristobal Lugo, one in 1886 of 14 acres, and another in 1895 measuring 20 acres. They pleaded as special defenses extraordinary prescription in regard to the 14-acre parcel, ordinary prescription as to the 20-acre property, and that plaintiffs are estopped to attack the dominion title proceeding because they had been summoned to appear therein.

Upon these pleadings a trial was had wherein the complaint was again amended in order to allege that in the dominion title proceeding the former owners had not been duly summoned. The answer was also amended, but the particulars thereof do not appear from the record, although set forth in the opinion delivered by the lower court in support of its judgment. At the trial it was proposed to submit as evidence the report of a surveyor as to the number of acres of the property described in the complaint, and it also appears

from the said opinion that such a report was made, but the same is not included in the statement of the case sent up for the purposes of this appeal.

Owing to the failure, above noted, to send up all the pleadings and the evidence which the trial court had before it in determining the case, we are now unable to review its judgment because we are not in the same position as that court was when deciding the controversy between the parties, and, therefore, the judgment should be affirmed. However, for the information of the parties, we will say, incidentally, that from the record before us we would have affirmed the judgment in any event, because as the defendant heirs have acknowledged the fact that their ancestor had acquired the property from the mother of the appellees they admitted her title; and since it appears that the property was acquired during the marriage, either for the conjugal partnership or as the separate property of the husband, she could not sell it to Rivera Luna in her own right alone, especially if any of her children were minors.

The judgment appealed from must be affirmed.